IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WESLEY MITCHELL BURNETT, #57600-037:

      v.                        :          Civil Action No. DKC-16-2808
                                            Criminal No. DKC-14-0211-002

UNITED STATES OF AMERICA      :

**MEMORANDUM OPINION**

    **1.**     **Background**

On July 29, 2016,[1] Wesley Burnett signed and deposited for mailing a paper titled "Motion to Extend and Enlarge the Time for Defendant to File Appeal Brief" (ECF No. 142). In his motion, received here on August 4, 2016, he indicated that he wished to challenge his conviction and sentence but was about to be transferred from FCI-Seagoville, Texas to another institution. *Id.* Although Burnett stated he would be seeking "coram nobis" relief, he had not completed his 42-month sentence imposed by this court on June 16, 2015. Thus, it appeared he sought to additional time to file a motion to vacate pursuant to 28 U.S.C. § 2255. No grounds for relief were found within the motion. Nonetheless, the court, on September 6, 2016, construed his motion as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 and granted him 21 days to supplement his motion using the appropriate forms (which the Clerk provided). (ECF No. 143).

On September 23, 2016, Burnett requested additional time to prepare a supporting memorandum to accompany his motion to vacate. (ECF No. 144). Again, no grounds for relief were identified in the extension request. On September 28, 2016, the court granted the request, ordering Burnett to file his supplement on or before December 28, 2016. (ECF No. 145).

---

[1] The original filing contains typewritten dates of July 18 and 19, with handwritten corrections to July 28 and 29.

Burnett did not use the court-provided forms to file his supplement; rather, on January 3, 2017, the Clerk received a legal memorandum, postmarked December 29, 2016, setting forth his arguments that his conviction be set aside because it is "void for vagueness." (ECF No. 146). Under the "prison mailbox rule," the paper is deemed filed on the day it is handed to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule); *see also United States v. McNeill*, 523 F.App'x 979, 982-83 (4th Cir. 2013). Arguably, Burnett turned his memorandum over to prison officials the day before its posting, on December 28, 2016,[2] and thus complied with the court-imposed deadline.

On January 19, 2017, the Government was ordered to respond solely as to the timeliness of Burnett's motion to vacate as supplemented with his memorandum. ECF No. 148. That response is now before the court. ECF No. 149. Although notified that he may reply to the Government's response within 21 days (ECF No. 148 at p. 3, ¶ 2), Burnett has chosen not to respond.

**2. Analysis**

In his motion and supplemental memorandum, Burnett asserts that he is entitled to vacatur because the statutory basis for his conviction is "void for vagueness." ECF 146 at p. 1. Burnett supports his claim for relief on the line of recent cases that addressed the constitutionality of the "residual clause," specifically citing *Johnson v. United States*, 135 S.Ct.

---

[2] The motion contains a certificate of service dated August 15, 2016. Neither the Clerk nor the Office of the United States Attorney received the filing on or around that date. The accuracy of the certificate of service is called into question by the fact that Burnett wrote the court, in a letter received on September 2, 2016, indicating that he needed a 90-day extension in order to file his motion to vacate. Thus, the court declines to accept August 15, 2016 as the date the motion to vacate was signed.

2551 (2015), as well as *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Beckles v. United States*, No. 15-8544 (U.S. S.Ct. March 14, 2016), *id.* at p. 4, and provides a narrative explaining why he thinks these decisions entitle him to the relief he requests, *i.e.*, vacatur due to "'vagueness' associated with the enhancements set forth by the sentencing court." *Id*.

Before the merits raised in Burnett's memorandum can be considered, the court must determine whether the motion is timely. Under the provisions of 28 U.S.C. § 2255(f), the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered against Burnett on Wednesday, June 17, 2015. The time for filing an appeal expired 14 days later, on Wednesday, July 1, 2015. *See* Fed. R. App. P. 4(b)(1)(A)(i) (2009) (criminal defendant's notice of appeal must be filed in the district court within 14 days after entry of judgment). To have been timely filed, Burnett's motion to vacate should have been filed on or before July 1, 2016, or one year from the date his conviction became final. The cover letter appended to Burnett's initial request for additional time to seek such relief, dated July 29, 2016, was received by the Clerk on August 4, 2016, more than 12 months after the

3

filing deadline expired. Thus, the request itself – which contains no proposed grounds for relief -- is untimely. ECF No. 142. Moreover, analysis of Burnett's petition under 28 U.S.C. § 2255(f)(3), with the operative date being the date of the Supreme Court's decision in *Johnson*, also establishes that it is untimely as *Johnson* was decided on June 26, 2015, and the motion and supplemental memorandum citing *Johnson* was filed approximately six months after the one-year filing deadline for a *Johnson* claim expired.

None of the other circumstances for extending the running of the one-year clock are alleged to apply here. Burnett's motion and supplemental memorandum, to the extent they can be understood, appear to argue about facts related to the criminal conduct charged in his case and case law unrelated to the charge on which he was found guilty. Burnett does not make any credible claims about any "impediment to making a motion created by governmental action" or any new right recognized by the Supreme Court and made retroactively applicable to his case and does not argue that he has discovered new facts that support his claims since the time of his guilty plea.

Burnett's claim is also not saved by equitable tolling. As the Fourth Circuit described in *Whiteside*, "[e]quitable tolling of petitions for collateral review is available only when a defendant demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Whiteside,* 775 F.3d 180 at 184, *citing Holland v. Florida*, 560 U.S. 631, 649, (2010) (internal quotation marks omitted). Further, "[u]nder [the Fourth Circuit's] precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.,* citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en

banc); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Burnett makes no credible claim in that he has been "pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing." Nor does enforcing the twice extended deadline result in any injustice.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Burnett fails to satisfy this standard.

Accordingly, Burnett's motion, construed as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 and supplemental memorandum (ECF Nos. 142, 146) will be denied and the Clerk will be ordered to close *Burnett v. United States,* Civil Action No. DKC-16-2808 (D. Md.). A Certificate of Appealability will not issue.

May 9, 2017                                           _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge